# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DR. LORA FREIER-HECKLER,**<br>6775 Parkgate Oval<br>Seven Hills, OH 44131 | ) )  | |
| Plaintiff, | ) | |
| -vs- | ) | **C O M P L A I N T** |
| | ) | Trial by Jury Endorsed Hereon |
| **ROBERT WILKIE, SECRETARY,<br>DEPARTMENT OF VETERAN<br>AFFAIRS,**<br>810 Vermont Avenue, NW, Room 1000<br>Washington, DC 20420 | ) ) ) | |
| and | ) | |
| **LOUIS STOKES CLEVELAND VA<br>MEDICAL CENTER**<br>10701 East Boulevard<br>Cleveland OH 44106 | ) ) ) | |
| Defendants. | | |

## NATURE OF THE ACTION AND CLAIMS

1. This is an action instituted under the discrimination and retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-1, *et seq.*, as amended, to vindicate federally protected rights against unlawful governmental

1

employment practices and for the denial of equal protection under the law and due process ensured under the Fifth Amendment to the Constitution of the United States.

## JURISDICTION AND VENUE

2.     Jurisdiction is invoked pursuant to Section 706(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-6(f) (2019 Supp.) (hereinafter referred to as "Title VII") and jurisdiction with respect to constitutional claims under 28 U.S.C. §§ 1331(a), 1337 and 1343(3) and (4).

3.     With respect to claims of discrimination and retaliation, this case is initiated after the Equal Employment Opportunity Commission's Administrative Judge took no action after one hundred eighty (180) days from filing a formal complaint.

4.     Jurisdiction arises pursuant to receipt of the Equal Employment Opportunity Commission's grant of Plaintiff's motion to dismiss issued on November 19, 2019. The notice accompanies this complaint and is incorporated by reference as Exhibit A.

5.     Venue in this Court is proper because the unlawful employment practices alleged were and continue to be committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

6.     Plaintiff DR. LORA FREIER-HECKLER was employed by Defendant DEPARTMENT OF VETERAN AFFAIRS at its LOUIS STOKES CLEVELAND VA MEDICAL CENTER, and has sought to perform her duties free from restrictions

of a hostile work environment on account of sex and from retaliation for engaging in a protected activity.

7. Defendant ROBERT E. WILKIE, SECRETARY, DEPARTMENT OF VETERAN AFFAIRS (hereinafter, "VA") is an employer as defined by Title VII and at all relevant times was the employer of the Plaintiff.

## STATEMENT OF FACTS

8. Plaintiff Dr. Lora Freier-Heckler reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

9. Plaintiff Dr. Lora Freier-Heckler is a veteran of the United States Army and has worked for Defendant for over thirty (30) years.

10. Dr. Freier-Heckler served active duty, United States Army – SOCOM Psychological Warfare Operations, 82nd Airborne Division, Fort Bragg, NC (1988-1990) and as a reservist (1990-1997).

11. Dr. Freier-Heckler obtained her Bachelor of Arts with a minor in management, a Master's in Business Administration and a Doctorate in Health Administration with distinction (4.0) with a specialty in Health Care Leadership.

12. In August, 1990, she started at the VA as a clerk, secretary and was promoted to Program Support Assistant in October, 2001, an Institutional Review Board Coordinator Program Analyst in May, 2008, a Research Compliance Auditor Program Analyst in December, 2009, Health System Specialist and Controlled Substance

Coordinator in June, 2010, Acting Assistant Chief and Acting Chief, Environmental Management Service in October, 2014, Assistant Chief, Logistics in January, 2018.

13.    During her career working for the Veterans Administration, Dr. Freier-Heckler was continuously advanced by the VA to positions with greater responsibilities including management positions.

14.    She continued to advance at the VA from a starting GS-3 to a GS-13.

15.    For eight to ten years of a thirty year career, Dr. Freier-Heckler reported directly to the Director of the agency.

16.    During her tenure at the VAMC in Cleveland, Dr. Freier-Heckler's work performance exceeded VA's expectations.

17.    Dr. Freier-Heckler's performance reviews were consistently designated by her superiors at "outstanding."

18.    Through October 2018, each of her performance ratings have been designated by her superiors as  "outstanding" with numerous merit awards, incentive awards, and no derogatory entries regarding conduct in her personnel file.

19.    During that time, Dr. Freier-Heckler was selected as recipient of the prized federal "Wings of Excellence Award" for Outstanding Service and Performance

20.    From April 1, 2015, the beginning of Dr. Heckler's tenure in Logistics, until she was removed from her position on January 11, 2018, her superior, Logistics Chief Philip Rutledge has sexually discriminated against Dr. Freier-Heckler creating a hostile

work environment and subjecting her to retaliation for objecting to the difference in treatment and disrespect heaped upon her by Rutledge.

21.    In October, 2014, Dr. Freier-Heckler accepted the position as Assistant Chief of Logistics, but was detailed as Acting Chief to Environmental Management Service until April, 2015.

22.    That meant she was Acting Environmental Management Services Chief with no need to interact with her Logistics Chief until her detail was completed.

23.    In April, 2015, she started in Logistics Service and was promoted to Assistant Chief, Logistics at Louis Stokes VAMC, Cleveland, Ohio.

## Count I – Discrimination

24.    Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

25.    Chief of Logistics Philip Rutledge was used to running the department without an Assistant Chief and resented Dr. Freier-Heckler's appointment which he regarded as an interference with his fiefdom.

26.    Shortly after the start of her service in Logistics Assistant Chief, Dr. Freier-Heckler was met with degrading, offensive, condescending and derogatory actions by Rutledge.

27.    Although he obstructed no male counterparts, Rutledge blocked necessary computer access and resources needed for Dr. Freier-Heckler to perform her job.

28.    Rutledge undermined Dr. Freier-Heckler's authority over her subordinates by having them report directly to him.

29.    On February 18, 2016, Rutledge moved her office away from staff with the intention of isolating her from her job functions and restricting access to her subordinates.

30.    Rutledge did no similar action against any male counterparts.

31.    On May 1, 2016, Rutledge ordered Dr. Freier-Heckler not to speak with anyone in his chain of command, including VAMC Director Fuehrer who was Rutledge's superior.

32.    The acts and conduct of Rutledge on behalf of the Defendant were intentional, malicious, purposeful and in wanton and reckless disregard of the rights and feelings of the Plaintiff.

33.    The acts and conduct by Rutledge were intended to generate despair, discomfort, humiliation and obstruction to performance.

34.    As a result of the acts and conduct of Rutledge on behalf of the VA, Plaintiff Dr. Lora Freier-Heckler has suffered substantial emotional and mental distress and anxiety and continues to suffer as a result of Rutledge debilitating discrimination in the workplace.

## Count II – Discrimination and Retaliation

35.    Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

36.    On May 2, 2016 and thereafter, Dr.Freier-Heckler notified VAMC Deputy Director Andy Pacyna on a variety of occasions, in person and in writing, of Rutledge's gender-based discriminatory behavior creating a hostile work environment.

37.    VAMC Deputy Director Pacyna failed to take any prompt, meaningful action against Rutledge which exacerbated the tension suffered by Dr. Freier-Heckler and generated interference with her ability to perform her responsibilities at the VA.

38.    On May 12, 2016, Dr. Freier-Heckler again notified Deputy Director Andy Pacyna of Rutledge's continuing sex discriminatory behavior creating a hostile work environment.

39.    VAMC Deputy Director Pacyna again failed to take any prompt, meaningful action against Rutledge which made the work environment increasingly hostile directly because of Pacyna's inaction.

40.    On May 16, 2019 and several times thereafter, Dr. Freier-Heckler notified VAMC Director Fuehrer of Rutledge's continuing sex discriminatory behavior creating a hostile work environment and she failed to take any action.

41.    With the refusal of Cleveland VA's Director and Assistant Director to take any action, much less prompt, meaningful action, the work environment for Dr. Freier-Heckler worsened, emboldening Rutledge to make work even more difficult for Dr. Freier-Heckler.

42.     On May 16, 2016 and several times thereafter, Dr. Freier-Heckler notified Charles Frank, Chief of VAMC Office Human Resources, of Rutledge's continuing sex discriminatory behavior creating a hostile work environment.

43.     The Human Resources office failed to take any action.

44.     On August 12, 2016, Dr. Freier-Heckler returned to VAMC's Deputy Director Pacyna, of Rutledge's and shared documentation of sex discriminatory behavior creating a hostile work environment.

45.     VAMC Deputy Director again failed to take any action.

46.     In order to aggravate conditions in the workplace with the objective of targeting and demeaning Dr. Freier-Heckler, on November 1, 2016, Rutledge informed Dr. Freier-Heckler that he would not refer to her as Doctor after she had obtained her Ph. D. although males with Ph.D.s and other doctoral degrees are referred to as Doctor.

47.     The purpose and function of the discrimination was to demoralize Dr. Freier-Heckler even more and to frustrate her ability to perform as an administrator in Logistics.

48.     To ramp up the humiliation, on December 2, 2016, Rutledge issued an email ordering Dr. Freier-Heckler's subordinate supervisors to report around her and go directly to him instead, effectively undermining her authority and ability to effectively perform her required job responsibilities.

49.     Male colleagues were not subjected to the same treatment.

50. On December 2, 2016, Dr. Heckler returned again to Deputy Director Pacyna to report Rutledge's continuing sex discriminatory behavior creating a hostile work environment and he failed to take any action.

51. The acts and conduct of Rutledge on behalf of the Defendant were intentional, malicious, purposeful and in wanton and reckless disregard of the rights and feelings of the Plaintiff.

52. The acts and conduct by Rutledge were intended to generate despair, discomfort, humiliation and obstruction to performance.

53. As a result of the acts and conduct of Rutledge on behalf of the VA, Plaintiff Dr. Lora Freier-Heckler has suffered substantial emotional and mental distress and anxiety and continues to suffer as a result of Rutledge debilitating discrimination in the workplace.

<u>**Count III – Discrimination and Retaliation**</u>

54. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

55. On January 3, 2017, Rutledge stripped Dr. Freier-Heckler of access to his office meeting calendar, but continued to allow male subordinates access.

56. In the absence of access to the office meeting calendar, Dr. Freier-Heckler was check-mated in communicating tasks and assignments because of timetables and due dates.

9

57.    The only purpose of stripping Dr. Freier-Heckler from access would to be to discriminate against her and retaliate for reporting the discriminatory actions of her superior.

58.    Removing access to the office meeting calendar caused Dr. Freier-Heckler to miss important meetings and impaired her ability to properly perform time-sensitive duties.

59.    Male subordinates testified under oath that they were not stripped of access by Rutledge.

60.    On January 4, 2017, Dr. Freier-Heckler again notified Deputy Director Pacyna of Rutledge's continuing sex discriminatory and retaliatory behavior creating a hostile work environment.

61.    All of Dr. Freier-Heckler's notices to Assistant Director Pacyna were ignored.

62.    The acts and conduct of Rutledge on behalf of the Defendant were intentional, malicious, purposeful and in wanton and reckless disregard of the rights and feelings of the Plaintiff.

63.    The acts and conduct by Rutledge were intended to generate despair, discomfort, humiliation and obstruction to performance.

64.    As a result of the acts and conduct of Rutledge on behalf of the VA, Plaintiff Dr. Lora Freier-Heckler has suffered substantial emotional and mental distress and anxiety and continues to suffer as a result of Rutledge debilitating discrimination in the workplace.

## Count IV – Discrimination and Retaliation

65.    Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

66.    In an attempt to heighten the tension and frustrations of Dr. Freier-Heckler and her subordinates who wished to report to her, but her fearful of reprisal by Rutledge, on January 5, 2017, Rutledge directed Dr. Freier-Heckler not to speak during staff meetings, undermining her effectiveness as Associate Chief.

67.    Rutledge's enforced silence order was intended to embarrass Dr. Freier-Heckler in front of her subordinates.

68.    Rutledge stated under oath that he did these things because of "distrust" of Dr. Freier-Heckler.

69.    Rutledge, however, conceded under oath that he entrusted her to watch over his child and watch his home.

70.    Rutledge has never enforced a silence order against any male employee at the VA.

71.    Rutledge ordered her to leave a meeting while allowing male supervisors under Dr. Freier-Heckler's authority to remain, undermining her effectiveness as Associate Chief.

72.    The acts and conduct of Rutledge on behalf of the Defendant were intentional, malicious, purposeful and in wanton and reckless disregard of the rights and feelings of the Plaintiff.

73. The acts and conduct by Rutledge were intended to generate despair, discomfort, humiliation and obstruction to performance.

74. As a result of the acts and conduct of Rutledge on behalf of the VA, Plaintiff Dr. Lora Freier-Heckler has suffered substantial emotional and mental distress and anxiety and continues to suffer as a result of Rutledge debilitating discrimination in the workplace.

## Count V – Discrimination and Retaliation

75. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

76. On January 6, 2017, Dr. Heckler communicated with Deputy Director Pacyna again, complaining of the gender-based difference in treatment of her compared to subordinate males employees and of Rutledge's continuing, intentional sexual discriminatory and retaliatory behavior creating a hostile work environment.

77. Following his pattern of disregard to the evidence of sex discrimination and retaliation for Dr. Freier-Heckler exercise of a protected right, Pacyna failed to take any action.

78. On February 10, 2017, Dr. Freier-Heckler contacted Deputy Director Pacyna concerning Rutledge's continuing sexual discriminatory and retaliatory behavior creating a hostile work environment.

79. For her complaints about sexual discrimination and retaliation, Pacyna threated to return Dr. Freier-Heckler from her detail in EMS to Logistics.

80.   On February 10, 2017 Dr. Freier-Heckler received a detail notice directed to return to Logistics from a detail in Environmental Management Services.

81.   On February 17, 2017 and March 6, 2017, during meetings with Director Fuehrer, she directed Dr. Freier-Heckler to continue her detail in Environmental Management Services.

82.   Director Fuehrer understated that what Rutledge was doing as "borderline hostile," and would be assigned a detail out of Logistics under Rutledge.

83.   Assistant Director Pacyna, contrary to the determination of his superior, a female, concluded that Rutledge's actions were "not" hostile.

84.   Notwithstanding, between May 2, 2016 through February 10, 2017, VA's Assistant Director was deeply aware of Rutledge's harassment, retaliation and discrimination against Dr. Freier-Heckler with approximately 87 emails, scheduled meetings and informal meetings.

85.   58 of the communicated discussion were emails and 29 were meetings.

86.   Pacyna did nothing to stop Rutledge.

87.   Pacyna did instruct Rutledge to apologize to Dr. Freier-Heckler for mispronouncing her name and for refusing to refer to her a Doctor when he referred to males similarly situated at the VA as Doctor.

88.   When asked under oath if he complied with the instruction to apologize, Rutledge indicated that he had not.

89. When asked under oath if he would apologize for the discourtesy and gender-based disparity, Rutledge refused.

90. On or about February 17, 2017, with Fuehrer's "borderline hostile" opinion given to Dr. Freier-Heckler by VAMC's Director, she filed a formal claim of discrimination, harassment, hostile work environment and retaliation based on gender with the Office of Resolution Management.

91. Rutledge was ultimately punished for wrongdoing with his staff for granting certain unauthorized benefits, but allegations concerning the suffering by Dr. Freier-Heckler arising out of discrimination and retaliation were disregarded.

92. On or around April 11, 2017, with no resolution, the Notice of Right to File a Discrimination Complaint internally within Veterans Affairs was issued concerning her allegations of discrimination, harassment, hostile work environment and retaliation based on gender.

93. On or around April 20, 2017, Dr. Freier-Heckler filed a formal Department of Veterans Affairs Complaint of Employment Discrimination alleging discrimination, harassment, hostile work environment and retaliation based on gender.

94. On or around October 3, 2017, Dr. Freier-Heckler filed a request for an EEOC Administrative Hearing.

95. On or about January 9, 2018, Dr. Freier-Heckler testified as a protected witness in an Administrative Investigation Board (AIB) about Chief of Logistics Rutledge and his subordinate Chavtz Seal of Logistic Services.

14

96.     On or about January 11, 2018, Dr. Freier-Heckler was immediately detailed to the Parma Community Based Outpatient Clinic – Pharmacy Service.

97.     Dr. Freier-Heckler testimony was protected arising out of her job and investigation.

98.     In retaliation, on January 31, 2018, within three (3) weeks of Dr. Freier-Heckler's protected testimony, Rutledge, Pacyna, Fuehrer initiated an investigation against Dr. Freier-Heckler.

99.     On March 26, 2018, Dr. Freier-Heckler exercised a federally protected right and filed another EEO charge.

100.    On August 24, 2018, Rutledge, Pacyna, Fuehrer proposed to demote Dr. Freier-Heckler.

101.    In response to the retaliation, Dr. Freier-Heckler filed two (2) additional EEO charges alleging discrimination and retaliation.

102.    On December 1, 2018, Dr. Tim Heiman, VA's Chief of Pharmacy, rated Dr. Freier-Heckler's performance as "outstanding."

103.    Fuehrer, Pacyna and other VA executives knew that their proposed demotion of Dr. Freier-Heckler from a GS-13 to a GS-11 was extreme and unsupported by evidence.

104.    Moreover, Fuehrer, Pacyna and other VA executives saw the two-grade demotion as obvious retaliation for Dr. Freier-Heckler's exercise of federally protected

rights of filing discrimination and retaliation charges which now appeared viable and substantiated.

105. The acts and conduct of Rutledge, Pacyna and Fuehrer were intentional, malicious, purposeful and in wanton and reckless disregard of the rights and feelings of the Plaintiff.

106. The acts and conduct by Rutledge, Pacyna and Huehrer were intended to generate despair, discomfort, humiliation and obstruction to performance.

107. As a result of the acts and conduct of Rutledge, Pacyna and Fuehrer on behalf of the VA, Plaintiff Dr. Lora Freier-Heckler has suffered substantial emotional and mental distress and anxiety and continues to suffer as a result of their retaliation workplace.

## <u>Count VI – Discrimination and Retaliation</u>

108. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

109. On May 2, 2019, EEOC Administrative Judge Donna Williams-Alexander consolidated, over the objections of the VA, all three (3) EEO charges pending before the Commission.

110. In the absence of an extreme and likely unlawful defense strategy, VA executives knew that Dr. Freier-Heckler was likely to prevail on her three (3) pending cases.

16

111. So, on June 28, 2019, in order to subvert the development of Dr. Freier-Heckler's cases and to allay VA's concern about the seriousness of the consequences, Nicholas Kennedy of VA's Office of Legal Counsel, disseminated an internal email to Cleveland VA staff advising the approach would be one of "total carnage" against Dr. Freier-Heckler and her legal counsel.

112. The "total carnage" strategy was knowingly unprofessional and geared to increase the pressure of growing retaliation against Dr. Freier-Heckler.

113. Referencing "Smash TV," the vehicle through which VA would employ a legal strategy of "total carnage," an apology was later issued to VA's Regional Counsel, but the "total carnage" strategy was already in place.

114. The "total carnage" approach was to hide thousands of pages of documents and files and aggressively pursue demotion in order to punish Dr. Freier-Heckler for the exercise of federally protected rights.

115. Dr. Freier-Heckler filed motions at EEOC to compel and for sanctions, but none of the thousands of documents and files were produced and EEOC failed to rule on any of the motions arising out of the "total carnage" strategy against Dr. Freier-Heckler.

116. And no sanctions against VA's Nicholas Kennedy were issued.

117. At the same time, VA was pursuing a demotion of Dr. Freier-Heckler as part of the "total carnage" strategy and in retaliation for the exercise of federally protected rights against discrimination and retaliation.

17

118. On August 13, 2019, Dr. Freier-Heckler filed her fourth (4th) EEO charge, asserting retaliation.

119. On August 30, 2019, VA demoted Dr. Freier-Heckler.

120. On November 19, 2019, after more than the mandatory one hundred eighty (180) days had passed and no decision was issued, Dr. Freier-Heckler sought and EEOC Administrative Judge Donna Williams-Alexander granted her request to dismiss all three (3) pending cases in order to institute this matter in the United States District Court.

121. The acts and conduct of Rutledge, Pacyna, Fuehrer and VA's Office of Legal Counsel, all on behalf of the VA were intentional, malicious, purposeful and in wanton and reckless disregard of the rights and feelings of the Plaintiff.

122. The acts and conduct by Fuehrer, Pacyna and Rutledge were intended to generate despair, discomfort, humiliation and obstruction to performance.

123. As a result of the acts and conduct of the VA, Plaintiff Dr. Lora Freier-Heckler has suffered substantial emotional and mental distress and anxiety and continues to suffer as a result of increasing discrimination in the workplace, the failure of Pacyna and Fuehrer to take prompt, meaningful action to stop it and the suffering caused by baseless efforts to demote Dr. Freier-Heckler through a strategy of "total carnage."

## Count VI – Discrimination and Retaliation

124. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

125. Notwithstanding the baseless demotion of Dr. Freier-Heckler, VA was completely satisfied with her competence, honesty and trustworthiness.

126. Notwithstanding the baseless demotion of Dr. Freier-Heckler, VA appointed her as the Fiscal Representative to audit the Ohio Veterans Home in Sandusky, Ohio.

127. Notwithstanding the baseless demotion, in October, 2019, Dr. Freier-Heckler's audit established serious improprieties for which she was rated "outstanding" and was recognized by VA Headquarters in Washington, D.C. for her excellent work.

128. In October, 2019, Dr. Freier-Heckler also received an "outstanding" rating for performance by the then-Acting Deputy Director of Cleveland VA.

129. Notwithstanding the baseless demotion, and in retaliation for her four (4) EEO charges, VA provided her with no training to do the audit.

130. So she trained herself.

131. In November, 2019, VA then appointed Dr. Freier-Heckler to do an unannounced Cashier Audit through VA Cleveland's Associate Director.

132. Notwithstanding her continued exemplary performance at the VA, the acts and conduct of Rutledge, Pacyna, Fuehrer and VA's Office of Legal Counsel, all on behalf of the VA, were intentional, malicious, purposeful and in wanton and reckless disregard of the rights and feelings of the plaintiff.

133. The acts and conduct by Fuehrer, Pacyna and Rutledge and the Office of Legal Counsel were intended to generate despair, discomfort, humiliation and obstruction to performance.

134. As a result of the acts and conduct of the VA, Plaintiff Dr. Lora Freier-Heckler has suffered substantial emotional and mental distress and anxiety and continues to suffer as a result of increasing discrimination in the workplace, the failure of Pacyna and Fuehrer to take prompt, meaningful action to stop it.

135. VA's Fuehrer retired, but never revoked the baseless demotion.

WHEREFORE, Plaintiff Dr. Lora Freier- Heckler respectfully requests the Court to grant the following relief:

A.  Declare that the acts and conduct of the Defendant constitutes violations of the anti-discrimination and anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-1, *et seq.*, (2019 Supp.) and her rights of equal protection and due process ensured under the Fifth Amendment to the Constitution of the United States;

B.  Grant to the Plaintiff and against Defendant VA, a permanent injunction enjoining Defendant, its officers, agents, employees, successors, assigns, and all persons in active concert of participation with it, from engaging in any employment practices which discriminate or retaliate on the basis of sex through the use of its governmental authority;

C.  Order Defendant VA, to institute and to otherwise carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices;

D.  Order Defendant VA to expunge and otherwise remove from any and all files any adverse or negative inclusions of the Plaintiff including notes, writings or other

documents by Rutledge, Pacyna and any other VA official;

E.  Order Defendant to make Plaintiff whole  by providing appropriate back pay with prejudgment interest and for other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

F.  Grant to Plaintiff against Defendant appropriate compensatory damages;

G.  Award Plaintiff costs in this action including statutory reasonable attorneys' fees and costs as provided by statute;

H.  Grant such further relief as the Court deems just or equitable and in advance of the public interest.


/s/ Avery Friedman
Avery Friedman (0006103)
FRIEDMAN & ASSOCIATES
702 The City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114-3358
T: (216) 621-9282
avery@lawfriedman.com

*Attorney for Plaintiff  Dr. Lora Freier-Heckler*



**TRIAL BY JURY DEMANDED**

Plaintiff Dr. Lora Freier-Heckler  hereby demands trial by jury.

/s/ Avery Friedman
Avery Friedman

21