UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORA FREIER-HECKLER | ) | Case No. 1:20-CV-00367 |
|     Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| ROBERT E. WILKIE, SECRETARY, | ) | ANSWER TO SECOND AMENDED |
| DEPARTMENT OF VETERANS' | ) | COMPLAINT AND AFFIRMATIVE |
| AFFAIRS, et al. | ) | DEFENSES |
|     Defendants. | ) | |

Defendants Robert E. Wilkie, Secretary, Department of Veterans' Affairs and Louis Stokes Cleveland VA Medical Center ("Defendants"), by and through their attorneys, Justin Herdman, United States Attorney for the Northern District of Ohio, and Sara E. DeCaro and Lisa Hammond Johnson, Assistant United States Attorneys, hereby answers Plaintiff Lora Freier-Heckler's ("Plaintiff") Second Amended Complaint as follows:

1. Paragraph 1 of the complaint contains conclusions of law to which no response is required. To the extent paragraph 1 may be construed to assert allegations of fact, those allegations are denied.

2. Paragraph 2 of the complaint contains jurisdictional allegations to which no response is required. It is admitted only that this Court has jurisdiction over employment discrimination and retaliation claims made by the Department of Veteran Affairs' employees who properly and completely exhaust their administrative remedies under 42 U.S.C. § 2000e-16 before filing.

3. Paragraph 3 of the complaint contains conclusions of law to which no response is required. To the extent paragraph 3 may be construed to assert allegations of fact, those allegations are denied.

1

4. Defendants admit an order of dismissal was issued on November 19, 2019 relative to three of Plaintiff's EEO complaints. Further answering, paragraph 4 of the complaint contains conclusions of law to which no response is required. To the extent paragraph 4 may be construed to assert additional allegations of fact, those allegations are denied.

5. Paragraph 5 contains venue allegations to which no response is required. To the extent paragraph 5 may be construed to assert allegations of fact, those allegations are denied.

6. In response to Paragraph 6, it is admitted only that, currently and at all relevant times, Plaintiff is/was employed by the Department of Veteran Affairs' at the Wade Park VA Medical Center (VAMC) in Cleveland, Ohio. To the extent paragraph 6 may be construed to assert additional allegations of fact, those allegations are denied.

7. In response to Paragraph 7, it is admitted only that Plaintiff is employed by the Department of Veteran Affairs' at the Wade Park VA Medical Center (VAMC) in Cleveland, Ohio. The legal conclusions in paragraph 7 require no response.

8. Defendants hereby incorporate their answers and responses to paragraphs 1 through 7 of Plaintiff's complaint as if fully set forth herein.

9. In response to Paragraph 9, it is admitted that Plaintiff is a veteran of the United States Army and began her employment with the Department of Veteran Affairs on August 12, 1990.

10. It is admitted that Plaintiff served both active duty (June 30, 1988 – September 21, 1989) and as a reservist in the United States Army. Defendants are without sufficient information regarding the dates of Plaintiff's reserve service, and therefore deny the remaining allegations in paragraph 10 of Plaintiff's Complaint.

11. In response to Paragraph 11, it is admitted that Plaintiff possesses the listed academic degrees, the remaining allegations are denied for lack of information.

12. In response to Paragraph 12, it is admitted that Plaintiff was hired as a Clerk, Typist in August 1990.

13. Admitted.

14. In response to Paragraph 14, it is admitted only that Plaintiff was promoted to Program Analyst- Research in May 2008.

15. In response to Paragraph 15, it is admitted only that Plaintiff was assigned to Program Analyst- Office of Director in December 2009.

16. In response to Paragraph 16, it is admitted only that Plaintiff was assigned to Health System Specialist – Office of Director in July 2010.

17. In response to Paragraph 17, it is admitted only that Plaintiff was detailed to Assistant Hospital Housekeeping Officer – Environmental Management Service in October 2014.

18. In response to Paragraph 18, it is admitted only that Plaintiff was promoted to Supervisory Systems Analyst – Logistics Service in November 2014, where she remained in April 2015.

19. In response to Paragraph 19, it is admitted only that Plaintiff was advanced as indicated in the preceding paragraphs with the only management position being Supervisory Systems Analyst.

20. Admitted.

21. Defendants admit Plaintiff was direct report to the Office of the Director while she was a Supervisory Systems Analyst. Defendants deny the remaining allegations in paragraph 21 of Plaintiff's Complaint.

22. Denied.

23. Denied.

24. Denied.

25. In response to Paragraph 25, it is admitted only that Plaintiff was a Wings of Excellence Recipient.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT I

31. Defendants hereby incorporate their answers and responses to paragraphs 1 through 30 of Plaintiff's complaint as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT II

42. Defendants hereby incorporate their answers and responses to paragraphs 1 through 41 of Plaintiff's complaint as if fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT III

64. Defendants hereby incorporate their answers and responses to paragraphs 1 through 63 of Plaintiff's complaint as if fully set forth herein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## COUNT IV

75. Defendants hereby incorporate their answers and responses to paragraphs 1 through 74 of Plaintiff's complaint as if fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

**COUNT V**

85. Defendants hereby incorporate their answers and responses to paragraphs 1 through 84 of Plaintiff's complaint as if fully set forth herein.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Defendants admit a Notice of Right to File a Discrimination Complaint was issued on April 10, 2017. Defendants deny the remaining allegations in paragraph 104 of Plaintiff's Complaint.

105. Admitted.

106. Defendants are without sufficient information to confirm the date of Plaintiff's request for EEOC Administrative Hearing, the date asserted in paragraph 106 is therefore denied.

107. Defendants admit Plaintiff testified before the AIB and that witnesses are protected from retaliation for providing such testimony. Defendants deny the remaining allegations in paragraph 107 of the Complaint.

108. Admitted.

109. Defendants admit that employees are protected from retaliation for providing testimony to the AIB. Defendants deny any remaining allegations contained in paragraph 109 of the Complaint.

110. Denied.

111. Admitted.

112. Defendants admit the proposed demotion letter was dated "received" by Plaintiff on August 24, 2018. Defendants deny any remaining allegations contained in paragraph 112 of the Complaint.

113. Denied.

8

114. Denied.

115. Denied

116. Denied.

117. Denied.

118. Denied.

119. Denied.

**COUNT VI**

120. Defendants hereby incorporate their answers and responses to paragraphs 1 through 119 of Plaintiff's complaint as if fully set forth herein.

121. Admitted.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Defendants admit Plaintiff filed a 4th EEO complaint on July 30, 2019.

132. Admitted.

133. Defendants admit an Order of Dismissal was issued by the EEOC on November 19, 2019. Defendants deny the remaining factual allegations in paragraph 133 of Plaintiff's Complaint.

134. Denied.

135. Denied.

136. Denied.

## COUNT VII

137. Defendants hereby incorporate their answers and responses to paragraphs 1 through 136 of Plaintiff's complaint as if fully set forth herein.

138. Denied.

139. Denied.

140. Denied.

141. Defendants are without sufficient knowledge or information regarding the allegations in paragraph 141, the allegations are thus denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Defendants are without sufficient knowledge or information regarding the allegations in paragraph 146, the allegations are thus denied.

147. Defendants admit that audits are an essential function of the Budget Analyst position, the position Plaintiff has held since September 15, 2019. Defendants deny the remaining allegations contained in paragraph 147 of Plaintiff's Complaint.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

## COUNT VIII

152. Defendants hereby incorporate their answers and responses to paragraphs 1 through 151 of Plaintiff's complaint as if fully set forth herein.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Defendants deny each and every allegation of material fact set forth in Plaintiff's complaint not herein before admitted, denied, or otherwise modified.

165. Having fully answered Plaintiff's complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any matters where that burden rests on Plaintiff, Defendants asserts the following affirmative and other defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff failed to exhaust her administrative remedies as to some or all of her claims.

3. Plaintiff failed to mitigate her damages.

4. Actions taken by Defendants, his agents, or his employees were motivated by legitimate, non-discriminatory reasons that were not pretextual.

5. Plaintiff was not unlawfully discriminated against on the bases of sex or protected activity.

6. Defendants acted at all times in compliance with applicable statutes and regulations.

7. If Plaintiff proves that an unlawful factor was a consideration in any employment action (which is expressly denied), Defendants would have made the same decision even in the absence of such unlawful factor.

8. Plaintiff cannot show that even if a protected characteristic or activity was a reason for Defendants' conduct or cited as a reason for the Defendants' conduct, it was not the sole or overriding reason for, or the "but for" cause of Defendants' actions.

9. Defendants reserve the right to bring additional defenses, including but not limited to those uncovered upon further investigation and discovery.

WHEREFORE, Defendants hereby respectfully request that Plaintiff's Complaint be dismissed in its entirety, with prejudice.

Respectfully submitted,

JUSTIN E. HERDMAN
UNITED STATES ATTORNEY


BY: /s/Sara E. DeCaro
     Sara E. DeCaro (0072485)
     Lisa Hammond Johnson (0061681)
     Assistant United States Attorneys
     United States Court House
     801 West Superior Ave., Suite 400
     Cleveland, OH 44113
     (216) 622-3670 (DeCaro)
     (216) 622-3679 (Johnson)
     (216) 522-4982 (Fax)
     Sara.DeCaro@usdoj.gov
     Lisa.Hammond.Johnson@usdoj.gov

*Counsel for Defendants*